United States District Court
Southern District of Texas
FILED

OCT 0 5 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ARTURO RIOS-PENA

**B-01-170**

V.

CIVIL ACTION NO. _____

UNITED STATES OF AMERICA

## MOTION TO VACATE, SET ASIDE OR CORRECT
## THE SENTENCE PURSUANT TO 28 U.S.C. 2255

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ARTURO RIOS-PENA, by and through his attorney Assistant Federal Public Defender Jeffrey L. Wilde, and moves this Court to correct the sentence imposed upon him by this Court in that Cause No. Cr. B-00-133, styled United States of America v. ARTURO RIOS-PENA. In support thereof, movant would show the following:

1.  On October 29, 1998, the Immigration and Naturalization Services (INS) deported Movant from the United States. The Movant's only felony convictions were for felony DWI in Cause No. 94-CR 1861-D and 97-CR-25-D.

2.  On July 10, 2000, this Court imposed sentence upon Movant in B-00-133 on his plea of guilty to being an alien unlawfully present in the United States on March 6, 2000, after he had previously been deported.

3.  Based upon the said felony DWI convictions, which were considered aggravated felonies by the probation office, a sixteen (16) level increase was assessed in the presentence report, resulting in a guidelines sentencing range of forty-six (46) to fifty-seven (57) months. Presentence report paragraph thirteen (13). See copy of Presentence Report attached hereto. This Court assessed a sentence of forty-six (46) months in the custody of the Attorney General of the United States. See copy of judgment attached hereto.

4.  In the recent case of <u>United States v. Chapa-Garza,</u> 243 F. 3d 921 (5th cir. 2001) decided on March 1, 2001, the Fifth Circuit held that a felony DWI is **not** a crime of violence subject to the aggravated felony provisions (and sixteen (16) level increase) under section 2L1.2(b)(2), USSG. Therefore, the correct guidelines sentencing range in the instant case was ten (10) to sixteen (16) months after assessment of a four (4) level increase for the non-aggravated felony DWI conviction. § 2L1.2(b)(1)(B), USSG.

5.  Prior to <u>Chapa-Garza</u>, the Fifth Circuit had held that a felony DWI was a crime of violence. <u>Camacho-Marroquin v. INS</u>, 188 F.3d 649 (5th Cir. 1999). However, this opinion was withdrawn by agreement of the parties. 222 F.3d 1040 (5th Cir. 2000). There was no other Fifth Circuit decision on this issue after <u>Camacho-Marroquin</u> until <u>Chapa-Garza</u>. <u>Chapa-Garza</u>, 243 F.3d at 924 ("This is the second time a panel of this Court has been called upon to decide the question of whether felony DWI is a crime of violence...") However, in <u>United States v. De Santiago-Gonzalez</u>, 207 F. 3d 261, 264 (5th Cir. 2000), the Court held that the district court had **not** erred in finding that the misdemeanor crime of DWI constitutes a crime of violence. Therefore, Movant Rios-Peña had good cause to believe that this Court did not err when it found that the sixteen (16) level increase assessed in the presentence report was in accordance with (Fifth Circuit) law, and Movant did not brief this issue in his appeal of this case. The judgment of this court was affirmed by the Fifth Circuit on February 15, 2001. [U.S. v. Rios-Pena, No. 00-40787 (5th Circuit), February 15, 2001.]

6.  This Court has jurisdiction over this matter pursuant to section 2255 of Title 28 in that Movant is in custody under sentence of this Court, and the sentence was in excess of the maximum authorized by law. Additionally, the appeal was affirmed in this case on February 15, 2001, and the one-year limitations period has not expired.

Wherefore, Movant prays the Court to vacate, set aside or correct the sentence in Cause No.

B-00-237 as provided by 28 U.S.C. §2255.

Respectfully submitted,

ROLAND E. DAHLIN II
Federal Public Defender
Southern District of Texas
Texas State Bar Number 05314000
Southern District of Texas No. 3198

By:

JEFFREY L. WILDE
Assistant Federal Public Defender
Attorney in Charge
Texas State Bar Number 21458400
Southern District of Texas No. 8976
600 E. Harrison Street, 102
Brownsville, Texas 78520
Telephone: (956) 548-2573
Fax: (956) 548-2674

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October, 2001, a copy of the foregoing Motion to

Vacate, set aside or correct the sentence pursuant to 28 U.S.C. 2255 of the defendant ARTURO

RIOS-PENA, was hand-delivered to Mark Dowd, Assistant United States Attorney, 600 E. Harrison

St., #201, Brownsville, Texas 78520, and a copy was hand-delivered to Lissette De La Cerda, U.S.

Probation office at 600 E. Harrison Street, #103.

JEFFREY L. WILDE
Assistant Federal Public Defender

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **PRESENTENCE INVESTIGATION REPORT** |
| | § | |
| **ARTURO RIOS-PENA** | | **Docket No. 1:00CR00133-001** |

---

**Prepared For:**        Honorable  Hilda G. Tagle
United States District Judge

**Prepared By:**        Lissette T. De La Cerda
U.S. Probation Officer
Brownsville, Texas
(956) 548-2522

FEDERAL PUBLIC DEFENDER

MAY 2 4 2000

SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, TEXAS

| **Assistant U.S. Attorney** | **Defense Counsel** |
|---|---|
| Ronald G. Morgan | Jeffrey L. Wilde, AFPD |
| 600 E. Harrison St., #201 | 600 E. Harrison St., #102 |
| Brownsville, Texas 78520-7155 | Brownsville, Texas 78520-7119 |
| (956) 548-2554 | (956) 548-2573 |

**Sentence Date:**        July 10, 2000

**Offense:**     Count One:     Alien unlawfully found in the United States after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b).  Twenty (20)  years and/or $250,000.00 fine plus a three (3) year SRT to follow and a $100.00 special assessment.

**Release Status:**        In custody since date of arrest on March 6, 2000, in lieu of a $100,000.00 cash bond (approximately 107 days in jail).

**Detainers:**        U.S. Immigration and Naturalization Service

**Codefendants:**        None

**Related Cases:**        None

**Date Report Prepared:**     05/15/00        **Date Report Revised:**

## Identifying Data:

| | |
|---|---|
| **Date of Birth:** | 06-26-64 |
| **Age:** | 36 |
| **Race:** | White/Hispanic |
| **Sex:** | Male |
| | |
| **SSN:** | None |
| **FBI No:** | 980 318 AA2 |
| **USM No:** | 92592-079 |
| **State ID No:** | TX03421251 |
| | |
| **U.S. INS No.** | A35 477 607 |
| | |
| **Education:** | 6 years (Mexico) |
| **Dependents:** | 5 children |
| **Citizenship:** | Mexico (undocumented alien) |
| | |
| **Last known Address:** | 290 S. Milam |
| | San Benito, Texas 78586 |
| | |
| **Legal Address:** | General Delivery |
| | Matamoros, Tamaulipas, Mexico |
| | |
| **Aliases:** | Arturo Rios |
| | Arturo Pena Rios |
| | Arturo Rios Pena |

## PART A.  THE OFFENSE

### Charges and Convictions

1. On March 28, 2000, a Federal Grand Jury in Brownsville, Texas, returned a single count indictment in Criminal Docket No. 1:00CR00133-001 against Arturo Rios-Pena. The indictment charges him with alien unlawfully found in the United States after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b).

2. On April 6, 2000, the defendant appeared before the Honorable John Wm. Black, United States Magistrate Judge and entered a plea of guilty to the single count indictment. No plea agreement was entered in this case. U.S. Magistrate Judge John Wm. Black deferred making a finding of guilt and ordered the preparation of a presentence investigation report with sentencing set for July 10, 2000, at 9:00 a.m.

### The Offense Conduct

3. On March 6, 2000, U.S. Border Patrol agents responded to a sensor located along the Rio Grande River near the Rancho Grande subdivision in La Paloma, Texas. The agents noticed footprints near that location and were able to follow the footprints to a residence at 610 Rancho Grande. At the location, agents observed an individual in the back yard of the house where the footprints led. The agents confronted the unknown individual and after noticing he was wearing wet clothes, conducted an immigration inspection. The individual acknowledged he was a citizen and national of Mexico. During the investigation, the agents noticed six (6) other individuals attempting to hide in the back yard of the residence. The agents questioned all six (6) individuals and determined they were from Mexico and had just crossed the Rio Grande River.

4. Agents escorted the undocumented aliens to the service vehicle and observed an individual sitting on a chair in the front of the residence. The individual appeared to be nervous and was later identified as Arturo Rios-Pena. The agents questioned Mr. Rios-Pena as to his citizenship and he provided documentation indicating he was a U.S. residence alien. Mr. Rios-Pena then volunteered that he was at the residence to transport the undocumented aliens to the bus station in San Benito, Texas. The defendant and the group of aliens were arrested and transported to the U.S. Border Patrol Station for processing.

5.    During processing agents determined that the defendant had previously been deported from the United States on October 29, 1998, based on an aggravated felony conviction, to wit: driving while intoxicated, in Cameron County, Texas, Cause No. 94-CR186.

6.    The defendant admitted he unlawfully entered the United States illegally on August 18, 1999, and did not have any documentation allowing him to enter and remain in the United States, nor did he obtain permission from the U.S. Attorney General's Office.

Victim Impact

7.    There are no identifiable victims of the offense.

Adjustment for Obstruction of Justice

8.    The probation officer has no information to suggest that the defendant impeded or obstructed justice.

Adjustment for Acceptance of Responsibility

9.    On April 12, 2000, Arturo Rios-Pena was interviewed at the Ruben M. Torres Sr. Detention Center in Brownsville, Texas.  During the interview, he admitted he had crossed the Rio Grande River near Los Indios, Texas, a few days prior to being encountered by U.S. Border Patrol agents at the location.  He indicated that as he waited for the owner of the residence, Border Patrol agents arrived and had some undocumented aliens in their vehicle.  The agents approached and inquired as to why he was at the location. The defendant in turn informed that he had received a telephone call from an individual who had crossed the group of aliens. According to the defendant the unidentified individual asked if he could transport the group of aliens to a location.  The defendant  stated he was not to receive any money for his involvement in this criminal activity and he admitted to not having documentation allowing him to enter and remain in the United States.  He accepts full responsibility for his role in the instant offense.

Offense Level Computations

10.    The 1998 edition of the Guidelines Manual has been used in this case.

Count One - Alien unlawfully found in the United States after deportation

11. **Base Offense Level:** The guideline for violation of 8 U.S.C. §§ 1326(a) and 1326(b) is found in U.S.S.G. § 2L1.2(a) and calls for a base offense level of eight (8).

<u>8</u>

12. **Specific Offense Characteristic:**   The defendant was convicted by the State District Court of Cameron County, Texas, <u>for driving while intoxicated</u>, Cause No. 94-CR-1861.   Said conviction is an aggravated felony and therefore, an increase of sixteen (+16) levels is applicable, pursuant to U.S.S.G. § 2L1.2(b)(1)(A).

<u>+16</u>

13. **Victim-Related Adjustments:** None.

<u>0</u>

14. **Adjustments for Role in the Offense:** None.

<u>0</u>

15. **Adjustment for Obstruction of Justice:** None.

<u>0</u>

16. **Adjusted Offense Level (Subtotal):**

<u>24</u>

17. **Adjustment for Acceptance of Responsibility:** The defendant clearly demonstrates full acceptance of responsibility and has notified authorities of his intent to a plea in a timely manner.   Pursuant to U.S.S.G. §§ 3E1.1(a) and (b), the offense level is reduced by three (-3) levels.

<u>-3</u>

18. **Total Offense Level:**

<u>21</u>

19. **Chapter Four Enhancements:** None.

<u>0</u>

20. **Total Offense Level:**

<u>21</u>

## PART B.  DEFENDANT'S CRIMINAL HISTORY

<u>Juvenile Adjudications</u>

21. None.

Adult Criminal Convictions

| | Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline | Pnt |
|---|---|---|---|---|---|
| 22. | 1984 (Age 20) | Possession of a prohibited weapon, Cameron County Court at Law, Brownsville, Texas, Cause No. 84-CCR-5149-A. | 02-22-85: P/G, $100.00 fine, court costs and 1 day county jail. | 4A1.2(e), commentary note #3. | 0 |

The defendant was presented by an attorney in this case.  Details of the offense report were unavailable.

| 23. | 1984 (Age 20) | DWI, Cameron County Court at Law, Brownsville, Texas, Cause No. 84-CCR-5151-A. | 02-22-85: P/G, sentenced to 2 yrs. probation. 02-22-87: Probation expired. | 4A1.2(e) | 0 |

The defendant was represented by an attorney in this case.  Details of the offense were unavailable.  This offense is related to Cause No. 84-CCR-5149-A.

| 24. | 12-15-86 (Age 22) | Driving under the influence of Liquor 2nd, Cameron County Court at Law, Brownsville, Texas, Cause No. 87-CCR1434-B. | 06-24-87: P/G, 60 days jail and a $300 fine, suspended for 12 months probation. 6-24-88: Probation expired. | 4A1.1(c) and 4A1.2(e)(2) | 0 |

The defendant was represented by an attorney in this case.  Details of the offense are pending receipt.

CUIPDF - www.faxisa.com

| | | | | | |
|---|---|---|---|---|---|
| 25. | 07-01-94 (Age 29) | Driving While intoxicated 3rd, State District Court, Brownsville, Texas, Cause No. 94-CR1861-D. | 12-06-94: P/G, 5 yrs. TDC, probated for 5 yrs.<br><br>07-09-97: Revocation hearing. Conditions modified, 1 yr. Intensive Supervision and 2 months county jail.<br><br>02-26-98: Conditions modified, 1 yr. Intensive Supervision and 6 months confinement as special condition | 4A1.1(c) | 1 |

The defendant was represented by counsel in this case. He was arrested by San Benito, Texas, Police Officers who observed that he exhibited symptoms of intoxication after failing a field test.

| | | | | | |
|---|---|---|---|---|---|
| 26. | 07- 01-94 (Age 30) | Possession of Marihuana, Cameron County Court at Law, Brownsville, Texas, 94-CCR-6380-B. | 02-17-95: P/G, 60 days jail. | 4A1.1(b) and 4A1.2 commentary note # 3 | 0 |

The defendant waived his right to counsel. Details of the offense are pending receipt.

| | | | | | |
|---|---|---|---|---|---|
| 27. | 11-03-95 (Age 31) | Possession of Marihuana, Cameron County Court at Law, Brownsville, Texas, Cause No. 96-CCR-3696-B. | 08-01-96: P/G, 12 months probation, 08-01-97: Probation expired. | 4A1.1(c) | 1 |

The defendant waived counsel in this case.  He was arrested  by a San Benito, Texas Police Officer.  The officer observed the vehicle the defendant was driving weaving from lane to lane and therefore, initiated a stop of the vehicle.  The defendant stumbled as he exited the vehicle. The officer observed signs of intoxication and conducted a field test on the defendant in which he failed.  The defendant refused to provide a breathalyzer exam.  He was then placed under arrest.  A search of the vehicle also revealed a marihuana cigarette in the ash tray compartment.

| 28. | 11-03-95<br>(Age 31) | Driving while license suspended, Cameron County Court at Law, Brownsville, Texas, Cause No. 96-CCR3698-B. | 08-01-96: P/G, 2 yrs probation.<br><br>08-01-98: Probation expired. | 4A1.1(c) and 4A1.2, commentary note #3 | 0 |

The defendant waived counsel in this case.  He was arrested by San Benito, Texas Police Department.  This offense is related to the defendant's conviction for possession of marihuana in Cause No. 96-CCR-3696-B which is noted above.

| 29. | 11-03-95<br>(Age 31) | Driving under the influence( liquor), State District Court, Brownsville, Texas, Cause No.  97-CR-25-D. | 12-14-97: P/G, 10 yrs. Probation, special condition 1 yr. restitution center.<br><br>01-22-98: MTR filed.<br><br>02-26-98: Probation modified to 6 months county jail as a special condition, 1 yr. restitution center.<br><br>12-14-2007: Probation to expire. | 4A1.1(c) and 4A1.2 commentary note #3 | 0 |

8

The defendant was represented by counsel in this case. He was arrested by San Benito, Texas Police Department and also charged with possession of marihuana, Cause No. 96-CCR-3696-B and driving while license suspended, Cause No. 96-CCR3698-B. Details of the offense are noted above. On August 1, 1996, he was sentenced in Cameron County Court on the other two (2) charges. The case was placed on inactive status since date of deportation. His Probation Officer is Veronica Smith who will be submitting a petition for revocation procedures to the Cameron County District Court based on the instant offense.

| 30. | 03-09-97 (Age 32) | Driving while license suspended, Cameron County Court at Law, Brownsville, Texas, Cause No. 97-CCR-1496-B. | 04-29-97: P/G, 12 months confinement. | 4A1.1(c) | 2 |

The defendant waived counsel in this case. The defendant was arrested by the Department of Pubic Safety. Details of the offense are pending receipt.

Criminal History Computation

31.     The criminal convictions above resulted in a subtotal criminal history score of four (4).

32.     At the time the instant offense was committed, the defendant was on probation for the offense of driving while license suspended, Cause No. 97-CR-25-D. Pursuant to U.S.S.G. § 4A1.1(d), two (2) points are added.

33.     The total of the criminal history points is six (6). According to the sentencing table at U.S.S.G. Chapter 5, Part A, six (6) criminal history points establish a criminal history category of III.

Other Criminal Conduct

34.     None.

<u>Pending Charges</u>

35.   The U.S. Immigration and Naturalization Service has lodged a detainer for deportation proceedings.

36.   The Cameron County Adult Probation Office in Brownsville, Texas will be submitting a petition for revocation proceedings in Cause No. 97-CR25-D.

## PART C.  OFFENDER CHARACTERISTICS

<u>Personal and Family Data</u>

37.   Arturo Rios-Pena was born on June 6, 1964, in Los Ramones, Nuevo Leon, Mexico to the union of Ramiro Rios and Maria Lourdes Pena, ages unknown.  The defendant's father is disabled and his mother is a homemaker; both reside at 290 S. Milam Street in San Benito, Texas.  The defendant has eight (8) siblings, seven (7) of them reside in San Benito, Texas.  His siblings are: Maria, age 39, a homemaker; Ramiro Jr., age 37, a trucker; Nora Idalia, age 30, a homemaker; Luzeva, age unknown, is disabled; Martin, age unknown, is disabled; Maria Lourdes, age unknown, a homemaker; Margarita, age unknown, a homemaker, and Manuela, age unknown, a college student.

38.   The defendant obtained his U.S. residency status in 1978; however, because of his criminal convictions his immigration status was revoked and he was deported to Mexico, on October 29, 1998.  According to the defendant he unlawfully returned to the United States on the following day.  He had been residing with his parents at the address noted above.

39.   Arturo Rios-Pena married Rosalva Dominques, age 30, approximately fifteen (15) years ago.  They separated in 1995.  Five (5) children were born to this union which are as follows:  Arturo Jr, age 14; Noemi, age 12; Cythnia, age 10; Eliseo, age 9, and Javier, age 8.  The defendant at first had two (2) of his children residing with him in San Benito, Texas. The other three (3) children resided with their mother.  However, Mrs. Dominques-Rios was unable to continue caring for her children, so the defendant's parents took them in.  He has had all five (5) of his children residing with him for approximately three (3) years.

10

CSHPDF - www.fenito.com

### Physical Condition

40.   The defendant is approximately five feet tall and weighs 150 pounds. He has light brown eyes and brown hair. The defendant has no tattoos or distinctive marks. He appears to be in good general health. This officer found no evidence to the contrary.

### Mental and Emotional Health

41.   The defendant reports no history of mental or emotional disabilities. This officer found no evidence to the contrary.

### Substance Abuse

42.   Arturo Rios-Pena related a history of alcohol and cocaine use. He indicated he last used cocaine approximately four (4) months prior to his arrest for the instant offense. The defendant also stated he attended DWI class at the Cameron County Probation Office in Brownsville, Texas and had obtained treatment for alcohol and drug abuse at the San Diego Center for Rehabilitation which is located near Corpus Christi, Texas.

### Education and Vocational Skills

43.   The defendant attended and completed the six (6) years of formal education at Miguel Hidalgo, in Nuevo Leon, Mexico. He is fluent in the Spanish language. The defendant related he understands the English language to a small degree.

### Employment Record

44.   The defendant has been in custody since April 4, 2000. Prior to his arrest he was self-employed as a painter in the Lower Rio Grande Valley and earned $600.00 monthly.

45.   From 1997 until 1998, the defendant was employed at the Fruit-of-the-Loom company in Harlingen, Texas. His monthly income was $1,400.00. During this same time period, he was self-employed as a painter on a part-time basis and earned $6.00 an hour.

46.   From 1995 until 1996, the defendant was employed with Fleetwood Trailer Homes in Waco, Texas. His earnings were $1,000.00 monthly.

11

47.   During 1994 until 1995, the defendant was employed as a assistance surveyor with Gonzalez Engineers in Brownsville, Texas. He earned minimum wages.

Financial Condition: Ability to Pay

48.   Arturo Rios-Pena submitted a financial statement which reflects he has no assets or liabilities. His earning capacity prior to his arrest was approximately $600.00 per month. The defendant had only three (3) monthly obligations which were $20.00 for clothing, $30.00 for telephone and $120.00 for transportation. Prior to his arrest the defendant was residing with his parents and financially assisting them with $240.00 a month. The total monthly expenses were $410.00, thus leaving him a monthly cash flow of $190.00.

## PART D.  SENTENCING OPTIONS

Custody

49.   **Statutory Provisions:** The maximum term of imprisonment is twenty (20) years, pursuant to 8 U.S.C. §§ 1326(a) and 1326(b).

50.   **Guideline Provisions:** Based on a total offense level of twenty-one (21) and a criminal history category of III, the guideline range for imprisonment is forty-six (46) to fifty-seven (57) months, and is found in Zone D of the Sentencing Table. U.S.S.G. Chapter 5, Part A.

51.   If the applicable guideline range is in Zone D of the Sentencing Table, the minimum term shall be satisfied by a sentence of imprisonment, pursuant to U.S.S.G. § 5C1.1(f).

Impact of Plea Agreement

52.   The defendant has pled guilty to the single count indictment. No plea agreement was entered; as such, there is no impact on the guideline imprisonment range.

Supervised Release

53.   **Statutory Provisions:** If a term of imprisonment is imposed, the Court may impose a term of supervised release of not more than three (3) years, pursuant to 18 U.S.C. § 3583(b)(2).

54.  **Guideline Provisions:** The guideline range for a term of supervised release is at least two (2) years but not more than three (3) years, pursuant to U.S.S.G. § 5D1.2(a)(2). If a sentence of imprisonment of one (1) year or less is imposed, a term of supervised release is not required but is optional, pursuant to U.S.S.G. § 5D1.1(b). Supervised release is required if the Court imposes a term of imprisonment of more than one (1) year, pursuant to U.S.S.G. § 5D1.1(a).

Probation

55.  **Statutory Provisions:** The defendant is eligible for not less than one (1) or more than five (5) years probation by statute, pursuant to 18 U.S.C. § 3561(c)(1). Because the offense is a felony, one of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service, pursuant to 18 U.S.C. § 3563(a)(2).

56.  **Guideline Provisions:** Because the applicable guideline range is in Zone D of the Sentencing Table, the defendant is not eligible for probation, pursuant to U.S.S.G. § 5B1.1, comment. (n.2), and U.S.S.G. § 5C1.1(f).

Fines

57.  **Statutory Provisions:** The maximum fine is $250,000.00, pursuant to 8 U.S.C. § 1326(a) and 1326(b). A special assessment of $100.00 is mandatory, pursuant to 18 U.S.C. § 3013.

58.  Pursuant to 18 U.S.C. § 3612(f)(1), a defendant shall pay interest on any fine of more than $2,500.00, unless the fine is paid in full before the 25th day after the date of judgment. If the Court determines that the defendant does not have the ability to pay interest, 18 U.S.C. § 3612(f)(3) authorizes the Court to waive the required interest; limit the total interest payable to a specific dollar amount; or limit the length of the period during which interest accrues. If interest is not waived by the Court at the time of sentencing, the Attorney General may subsequently waive all or part of any interest that has accrued if, as determined by the Attorney General, reasonable efforts to collect the interest are not likely to be effective, pursuant to 18 U.S.C. § 3612(h).

59.  **Guideline Provisions:** The fine range for the instant offense is from $7,500.00 to $75,000.00, pursuant to U.S.S.G. § 5E1.2(c)(3).

13

## PART E.  FACTORS THAT MAY WARRANT DEPARTURE

60.     The probation officer has no information concerning the offense or the offender which
        would warrant a departure from the prescribed sentencing guidelines.

                                        Respectfully submitted,

                                        JERRY D. DENZLINGER, Chief
                                        United States Probation Officer


                        By:     _____
                                        Lissette T. De La Cerda
                                        U.S. Probation Officer
                                        LTDLC(nma)


Approved for submittal,


_____
Linda Wise Marin, Supervising
U.S. Probation Officer

Date:  05/24/00

14

NO 24۱   (Rev. 8/96) Judgment in a Criminal Case

# United States District Court

## Southern District of Texas

Holding Session in   **Brownsville**

United States District Court
Southern District of Texas
FILED

JUL 1 8 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987) |
| v. | |
| **ARTURO RIOS-PENA** | **Case Number:  1:00CR00133-001** |
| | **Jeffrey L. Wilde, AFPD**<br>Defendant's Attorney |

☐ See Additional Aliases - Sheet

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 on April 6, 2000

☐ pleaded nolo contendere to count(s)_____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 8 U.S.C. §§ 1326(a) and 1326(b) | Alien unlawfully found in the United States after deportation | 03/06/2000 | 1 |

☐ See Additional Counts of Conviction - Sheet

The defendant is sentenced as provided in pages 2 through _5_ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)_____

☐ Count(s)_____

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Social Security No.:  None | July 10, 2000 |
| Defendant's Date of Birth:  6/26/1964 | Date of Imposition of Judgment |
| Defendant's USM No.:  92592-079 | |
| **Defendant's Residence Address:**<br>General Delivery | Signature of Judicial Officer |
| Matamoros, Tamaulipas | |
| MEXICO | **HILDA G. TAGLE**<br>**UNITED STATES DISTRICT JUDGE** |
| **Defendant's Mailing Address:**<br>General Delivery | Name and Title of Judicial Officer |
| Matamoros, Tamaulipas | |
| MEXICO | Date   July 18, 2000 |

LMW/nma

21

AO 24 ³ (Rev. 8/96) Imprisonment

**DEFENDANT:    ARTURO RIOS-PENA**
**CASE NUMBER: 1:00CR00133-001**

Judgment - Page _2_ of _5_

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of
____46____ month(s).

☐ See Additional Imprisonment Terms - Sheet
☐ The Court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ _____ on _____

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ by 2 p.m. on _____

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____ at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By    _____
Deputy U.S. Marshal

**NOTE: U.S. Marshal - This is 1 of _____ Judgments.

AO 245B (Rev. 5/96) Supervised Release

**DEFENDANT:   ARTURO RIOS-PENA**

**CASE NUMBER: 1:00CR00133-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ____3____ year(s).

The Court further orders that the supervised release term be without supervision.

☐ See Additional Supervised Release Terms - Sheet

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*
The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable)

☑ The defendant shall not possess a firearm as defined in 18 U.S.C.§ 921. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

☑ See Special Conditions of Supervision - Sheet   3.01

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
14) if restitution has been ordered, the defendant shall make restitution as ordered by the Court and in accordance with the applicable provisions of Title 18 U.S.C. § 2248, 2259, 2264, 2327, 3663, 3663A, and/or 3664. The defendant shall also pay the assessment imposed in accordance with Title 18 U.S.C. § 3013;
15) the defendant shall notify the U.S. Probation Office of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

AO 245B (Rev. 8/96) Supervised Release

**DEFENDANT: ARTURO RIOS-PENA**
**CASE NUMBER: 1:00CR00133-001**

# SPECIAL CONDITIONS OF SUPERVISION

The defendant is not to re-enter the United States illegally.

AO 245B (Rev. 8/96) Criminal Monetary Penalties

| | |
|---|---|
| DEFENDANT:  ARTURO RIOS-PENA | Judgment - Page 4 of 5 |
| CASE NUMBER: 1:00CR00133-001 | |

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | $100.00 | | |

Upon motion of the government, the court finds that the defendant is an indigent undocumented alien and reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

☐ If applicable, restitution amount ordered pursuant to plea agreement ............  _____

☐ See Additional Terms for Criminal Monetary Penalties - Sheet

# FINE

☐ The above fine includes costs of incarceration and/or supervision in the amount of _____ $0.00

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612 (f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612 (g).

☐ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:
☐ The interest requirement is waived.
☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| **Totals:** | $0.00 | $0.00 | |

☐ See Additional Victims
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 8/96) Statement of Reasons

**DEFENDANT:   ARTURO RIOS-PENA**

Judgment - Page _5_ of _5_

**CASE NUMBER: 1:00CR00133-001**

# STATEMENT OF REASONS

☑ The Court adopts the factual findings and guideline application in the presentence report.

## OR

☐ The Court adopts the factual findings and guideline application in the presentence report except:

☐ See Additional Findings and Guideline Application Exceptions - Sheet

**Guideline Range Determined by the Court:**

Total Offense Level: _21_

Criminal History Category: _III_

Imprisonment Range: _46_ to _57_ months.

Supervised Release Range: _2_ to _3_ years.

Fine Range: _$7,500.00_ to _$75,000.00_

☑ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: _$0.00_

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

☐ Partial or no restitution is ordered for the following reason(s):

☑ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

☐ See Additional Reasons for Point Within Range - Sheet

## OR

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

☐ See Additional Reasons For Departure From The Guideline Range - Sheet

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ARTURO RIOS-PENA

V.                                    CIVIL ACTION NO. **B - 01 - 170**

UNITED STATES OF AMERICA

ORDER

This Court having considered defendant ARTURO RIOS-PENA's Motion To Vacate, Set

Aside or Correct The Sentence Pursuant to 28 U.S.C. 2255 in that Cause No. Cr. B-00-133 is of the

opinion that the motion should be and is hereby GRANTED.

The U.S. Probation Office is hereby ordered to amend the judgment in Cause No. Cr. B-00-

133 and such judgment is ordered corrected to show that the term of imprisonment assessed upon

defendant ARTURO RIOS-PENA by this Court in this case shall be the time served by the defendant

to date.

SO ORDERED this the _____ day of _____, 2001, at Brownsville, Texas.

_____
HONORABLE HILDA G. TAGLE
UNITED STATES DISTRICT JUDGE