2.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 5 2001

Michael N. Milby
Clerk of Court

ARTURO RIOS-PENA

V.                                    C.A. NO. B-01-170

UNITED STATES OF AMERICA

### MOTION FOR APPOINTMENT OF COUNSEL IN MOTION TO VACATE, SET ASIDE OR CORRECT THE SENTENCE PURSUANT TO 28 U.S.C. 2255 AND TO PROCEED IN FORMA PAUPERIS

COMES NOW, ARTURO RIOS-PENA, by and through his attorney of record, Jeffrey L. Wilde, and moves this Court to appoint the Office of the Federal Public Defender and to allow the in forma pauperis filing of a Motion to Vacate, Set Aside or Correct the Sentence Pursuant to 28 U.S.C. 2255. In support thereof, Defendant would show the Court as follows:

1. Defendant was found to be financially unable to employ counsel and the Federal Public Defender was appointed to represent him in Cause Cr. No. B-00-133. A copy of this Order Appointing Counsel is attached as Exhibit "A".

2. Defendant was sentenced to 46 months in the custody of the U.S. Bureau of Prisons. A copy of the Judgment is attached as Exhibit "B". Defendant has been in the custody of The Federal Government continuously since at least March 6, 2000.

3. The Office of the Federal Public Defender is authorized to represent the defendant in this matter pursuant to 18 U.S.C. Sec. 3006A(a) and the guidelines set forth in Volume VII of the Guide to Judiciary Policies and Procedures.

4.  The power to grant relief is afforded to this Court pursuant to 28 U.S.C. Sec. 2255, and the authority of the Magistrate or Court to appoint counsel is provided by 18 U.S.C. Sec. 30006A(2), which provides that whenever "the United States Magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who– (B) is seeking relief under section 2241, 2254 or 2255 of title 28."

WHEREFORE, PREMISES CONSIDERED, defendant moves this Court to appoint the Office of the Federal Public Defender, and to grant the filing of the attached Motion to Vacate, Set Aside or Correct the Sentence Pursuant to 28 U.S.C. 2255 in forma pauperis.

Respectfully submitted,

ROLAND E. DAHLIN II
Federal Public Defender
Southern District of Texas
Texas State Bar Number 05314000
Southern District of Texas No. 3198

By: _____
JEFFREY L. WILDE
Assistant Federal Public Defender
Attorney in Charge
Texas State Bar Number 21458400
Southern District of Texas No. 8976
600 E. Harrison Street, 102
Brownsville, Texas 78520
Telephone: (956) 548-2573
Fax: (956) 548-2674

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October, 2001, a copy of the foregoing Motion for Appointment of Counsel in Motion to Vacate, Set Aside or Correct the Sentence Pursuant to 28 U.S.C. 2255 of the defendant ARTURO RIOS-PENA, was hand-delivered to Mark Dowd, Assistant United States Attorney, 600 E. Harrison St., #201, Brownsville, Texas 78520, and a copy was hand-delivered to Lissette De La Cerda, U.S. Probation office at 600 E. Harrison Street, #103.

JEFFREY L. WILDE
Assistant Federal Public Defender

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 7 2000

Michael N. Milby, Clerk of Court

B-01-170

UNITED STATES OF AMERICA          *

VS                                *     CASE NO. B-00-1474m

Arturo Rios-Peña                  *

### ORDER APPOINTING COUNSEL

Because the above-named defendant has testified under oath or has otherwise satisfied this Court that he or she (1) is financially unable to employ counsel, and (2) does not wish to waive counsel, and because the interests of justice so require, the Federal Public Defender is hereby appointed to represent this person in the above-designated case.

If appointment is made by a Magistrate and the case subsequently proceeds to United States District Court, the appointment shall remain in effect until terminated or a substitute attorney is appointed.

DONE at Brownsville, Texas, on March 7, 2000.

JOHN WM. BLACK
UNITED STATES MAGISTRATE JUDGE

FEDERAL PUBLIC DEFENDER
RECEIVED
MAR 8 2000
SOUTHERN DIST OF TEXAS
BROWNSVILLE, TEXAS



AO 245? (Rev. 6/96) Judgment in a Criminal Case

# United States District Court
## Southern District of Texas

Holding Session in **Brownsville**

Southern District of Texas
FILED

JUL 1 8 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | (For Offenses Committed On or After November 1, 1987) |
| ARTURO RIOS-PENA | Case Number: 1:00CR00133-001 |
| | Jeffrey L. Wilde, AFPD |
| | Defendant's Attorney |

☐ See Additional Aliases - Sheet

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1 on April 6, 2000
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 8 U.S.C. §§ 1326(a) and 1326(b) | Alien unlawfully found in the United States after deportation | 03/06/2000 | 1 |

☐ See Additional Counts of Conviction - Sheet

The defendant is sentenced as provided in pages 2 through **5** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Social Security No.: None
Defendant's Date of Birth: 6/26/1964
Defendant's USM No.: 92592-079
Defendant's Residence Address:
General Delivery
Matamoros, Tamaulipas
MEXICO

Defendant's Mailing Address:
General Delivery
Matamoros, Tamaulipas
MEXICO

July 10, 2000
Date of Imposition of Judgment

Signature of Judicial Officer

**HILDA G. TAGLE**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judicial Officer

Date July 18, 2000

LMW/nma

21

AO 245 (Rev. 8/96) Imprisonment

DEFENDANT: ARTURO RIOS-PENA
CASE NUMBER: 1:00CR00133-001

Judgment - Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ___46___ month(s).

☐ See Additional Imprisonment Terms - Sheet
☐ The Court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ _____ on _____
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ by 2 p.m. on _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____ at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

**NOTE: U.S. Marshal - This is 1 of _____ Judgments.

**DEFENDANT:** ARTURO RIOS-PENA
**CASE NUMBER:** 1:00CR00133-001

Judgment - Page 3 of 5

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __3__ year(s).

The Court further orders that the supervised release term be without supervision.

☐ See Additional Supervised Release Terms - Sheet

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*
   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable)

☑ The defendant shall not possess a firearm as defined in 18 U.S.C.§ 921. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

☑ See Special Conditions of Supervision - Sheet 3.01

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
14) if restitution has been ordered, the defendant shall make restitution as ordered by the Court and in accordance with the applicable provisions of Title 18 U.S.C. § 2248, 2259, 2264, 2327, 3663, 3663A, and/or 3664. The defendant shall also pay the assessment imposed in accordance with Title 18 U.S.C. § 3013;
15) the defendant shall notify the U.S. Probation Office of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

AO 245B (Rev. 3/96) Supervised Release

DEFENDANT: ARTURO RIOS-PENA
CASE NUMBER: 1:00CR00133-001

# SPECIAL CONDITIONS OF SUPERVISION

The defendant is not to re-enter the United States illegally.

Judgment - Page    3.01

DEFENDANT: ARTURO RIOS-PENA         Judgment - Page 4 of 5
CASE NUMBER: 1:00CR00133-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100.00 | | |

Upon motion of the government, the court finds that the defendant is an indigent undocumented alien and reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

☐ If applicable, restitution amount ordered pursuant to plea agreement ............  _____

☐ See Additional Terms for Criminal Monetary Penalties - Sheet

## FINE

☐ The above fine includes costs of incarceration and/or supervision in the amount of _____ $0.00

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612 (f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612 (g).

☐ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ The interest requirement is waived.
  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | | $0.00 | $0.00 |

☐ See Additional Victims
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

O 245B (Rev. 8/96) Statement of Reasons

**DEFENDANT: ARTURO RIOS-PENA**
**CASE NUMBER: 1:00CR00133-001**

Judgment - Page 5 of 5

# STATEMENT OF REASONS

[✓] The Court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ] The Court adopts the factual findings and guideline application in the presentence report except:

[ ] See Additional Findings and Guideline Application Exceptions - Sheet

**Guideline Range Determined by the Court:**

Total Offense Level: __21__

Criminal History Category: __III__

Imprisonment Range: __46__ to __57__ months.

Supervised Release Range: __2__ to __3__ years.

Fine Range: __$7,500.00__ to __$75,000.00__

[✓] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: __$0.00__

[ ] Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial or no restitution is ordered for the following reason(s):

[✓] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

[ ] See Additional Reasons for Point Within Range - Sheet

**OR**

[ ] The sentence departs from the guideline range:
  [ ] upon motion of the government, as a result of defendant's substantial assistance.
  [ ] for the following specific reason(s):

[ ] See Additional Reasons For Departure From The Guideline Range - Sheet

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 5 2001

Michael N. Milby
Clerk of Court

ARTURO RIOS-PENA

V.                                      C.A. NO. B-01-170

UNITED STATES OF AMERICA

### ORDER APPOINTING COUNSEL IN MOTION TO VACTATE, SET ASIDE OR CORRECT THE SENTENCE PURSUANT TO 28 U.S.C. 2255 AND GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS

Because the above-named Movant has testified under oath or has otherwise satisfied this court that he (1) is financially unable to employ counsel, and (2) does not wish to waive counsel, and because the interests of justice so require, the Federal Public Defender is hereby appointed to represent this person in the above-designated case. The Court also grants to Movant leave to proceed in forma pauperis.

If appointment is made by a Magistrate Judge and the case subsequently proceeds to United States Court, the appointment shall remain in effect until terminated or a substitute attorney is appointed.

SO ORDERED this the _____ day of _____, 2001, at Brownsville, Texas.

_____
HONORABLE HILDA G. TAGLE
UNITED STATES DISTRICT JUDGE